IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE:

ATHEAL PIERCE,                   CHAPTER 13
                                                       CASE NO. 05-31205

DEBTOR.

---

[X] Movant is willing to consider an adequate protection agreement. The motion will be served with a form for a proposed order agreeable to the moving party, leaving blank, where appropriate, amounts to be arrived at by way of negotiation or determined upon further factual development.

[ ] Movant is not willing to consider an adequate protection agreement. Pursuant to LBR 4001-1, the moving party seeks relief from the automatic stay. Unless a response is filed and served upon the moving party within 20 days from the date of service of this motion, the motion may be granted by the court without further notice or hearing.

---

## MOTION TO LIFT STAY

TO THE HONORABLE DWIGHT H. WILLIAMS, UNITED STATES BANKRUPTCY JUDGE;

Your Petitioner, AMERICAN GENERAL FINANCE, INC., would state as follows:

1. That this Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. §362.

2. The Debtor in this case filed a petition under Chapter 13 of the Bankruptcy Code on to-wit: April 26, 2005. Debtor has continued in possession of certain real property since that time, which is made the basis of this motion, specifically:

    Real Estate located at 5901 Havenwood, Montgomery, Alabama
    Real Estate located at 701 Doris Circle, Montgomery, Alabama

Copies of the Petitioner's notes and security agreements and mortgages are attached hereto as Exhibit "A".

3. That your Petitioner is the holder of a claim in this case in the amount of $83,162.90 for 5901 Havenwood and $28,668.31 for 701 Doris Circle. Debtor is paying unsecured creditors 0% under a composition according to the terms of the confirmed plan

4. Your Petitioner does not have nor has it been offered adequate protection for its interest in the property referred to hereinabove in that the debtor has failed and refused to make scheduled payments into the Chapter 13 plan sufficient to pay this claim and other creditors.

5. Under the terms of the debtors' confirmed plan, debtor proposed to pay $500.00 per month to the Trustee. Debtor records in the office of the standing Trustee reflect that debtor has not made a single payment to the Trustee.

6. Your Petitioner had commenced foreclosure proceedings, and a foreclosure sale was scheduled to occur on April 27, 2005. This Debtor filed this case on April 26, 2005, obviously for the express purpose of stopping the sale and frustrating Movant in its attempt to enforce its mortgage lien. At the time of the foreclosure action, this Debtor owed American General on both a first and a second mortgage, and the pre-petition arrearage on both loans was nearly $4500.00, plus the April payment, plus foreclosure expenses on the first mortgage and over $2300.00 plus the April payment plus foreclosure expenses and attorney's fees on the second mortgage. Movant expects its total arrearage claim on both mortgages to be almost $10,000.00. Since the filing of this case, both the May and June payments have come due. Not only has the Debtor not paid the Trustee any payments under the plan, but the Debtor likewise has not made any direct payments to American General even though the Debtor's so-called plan proposes to pay post-petition payments on a direct basis. Debtor is obviously using this case as a way of frustrating American General in its attempt to enforce its mortgage lien through foreclosure, while getting further and further behind on the mortgages.

7. That to the best information and belief of your Petitioner, the debtor has no equity in this property.

8. That the debtor apparently has no reasonable prospect for being able to bring current all the past due payments to the Trustee or for making future payments on this indebtedness as called for by the plan.

9. That if the Petitioner is not permitted to foreclose its security interest and take possession of said property, it will suffer irreparable harm, injury, loss and damage.

WHEREFORE, THE PREMISES CONSIDERED, Petitioner prays that upon a final hearing of this motion, that the stay pursuant to 11 U.S.C. §362 be modified to permit it to foreclose its security interest in the property referred to hereinabove and that it have such other and further relief as is just and proper under the circumstances, INCLUDING, but not limited to, assessing the court costs of this proceeding of $150.00 as against the Debtor and assessing attorney fees in favor of your Petitioner, as the Court deems proper. To prevent the Debtor from attempting to refile a new case and further frustrate American General's efforts to enforce its mortgage lien, if this Court dismisses this case, Movant would ask the Court to enter a 180-day bar against the Debtor refiling a new bankruptcy case.

Respectfully submitted,

PARNELL & CRUM, P.A.

BY: /s/Charles N. Parnell, III
CHARLES N. PARNELL, III
BRITT BATSON GRIGGS
Attorney for Petitioner

OF COUNSEL:
PARNELL & CRUM, P.A.
P.O. Box 2189
Montgomery, AL 36102-2189
334/832-4200

## CERTIFICATE OF SERVICE

    I hereby certify that I have electronically mailed or placed in the U.S. mail, postage prepaid, an exact copy of the foregoing Motion to the following on this, the __15th__ day of June, 2005.

Hon. Curtis C. Reding  
Trustee  
P.O. Box 173  
Montgomery, AL 36101  

Atheal Pierce  
Pro Se/Debtor  
112 Knollwood Blvd.  
Montgomery, Alabama 36117  

Hon. Teresa Jacobs  
Bankruptcy Court Administrator  
One Church Street  
Montgomery, AL 36104  

    /s/Charles N. Parnell, III  
    CHARLES N. PARNELL, III  
    BRITT BATSON GRIGGS