## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

**ATHEAL PIERCE,**

        **Debtor/Appellant,**

**vs.**

**CURTIS C. REDING,**
**Chapter 13 Trustee,**

        **Appellee,**

        **DISTRICT COURT**
        **APPELLATE CASE NO.**
        **2:05-CV-1014-T**

        **CHAPTER 13 CASE NO.**
        **05-31205-DHW-13**

### *ON APPEAL TO THE DISTRICT COURT OF THE UNITED STATES*
### *FOR THE MIDDLE DISTRICT OF ALABAMA*
### *FROM THE BANKRUPTCY COURT OF THE UNITED STATES*
### *FOR THE MIDDLE DISTRICT OF ALABAMA*

### *TRUSTEE/APPELLEE'S BRIEF IN SUPPORT OF*
### *MOTION TO DISMISS APPEAL*

**COMES NOW**, Curtis C. Reding, Jr., Standing Chapter 13 Trustee for the Middle District of Alabama in the above styled cause, Appellee in the above-referenced appeal, by and through the undersigned counsel, and in support of the Motion to Dismiss previously filed in the above styled appeal, states as follows:

      The debtor has filed his Notice of Appeal from an Order issued by the Bankruptcy Court dismissing his case chapter 13 case.  The Order prohibits the debtor from refiling another bankruptcy case for 180 days from the date of the Court's order.  The Order dismissing the debtor's case with a 180-day bar to refiling was entered by the United States Bankruptcy Court on September 15, 2005, which was a Thursday.

      *Rule 8002(a)*, *Federal Rules of Bankruptcy Procedure* provides that the notice of appeal "shall be filed with the clerk within 10 days of the date of the entry of the judgment, order or decree."  The deadline for the debtor's timely filing his notice of appeal would have been Sunday, September 25, 2005.  Pursuant to *Rule 9006, Federal*

*Rules of Bankruptcy Procedure*, weekends are included in the computation of time for filing a timely notice of appeal, but as the deadline for filing this appeal fell on a Sunday, the debtor had until Monday, September 26, 2005 to file a timely notice of appeal. The notice of appeal was not filed by the debtor until Wednesday, September 28, 2005, which renders it untimely pursuant to *Rules 8002(a) and 9006, <u>FRBP</u>*. The debtor did not file either a motion to stay the order from which he is appealing, a motion to extend the time for filing an appeal, or a motion to reconsider the bankruptcy court's order which may have tolled this 10-day deadline.

The issue of timeliness of a notice of appeal is a jurisdictional issue which can be raised at any time, even *sua sponte* by the Court. See <u>Ballard v. Tamojira</u>, 106 F.3d 389 (4th Cir. 1997) (district court does not have subject matter jurisdiction to hear appeal if appellant has not invoked the district court's jurisdiction by a timely notice of appeal); <u>Smith v. Dairymen, Inc.</u>, 790 F.2d 1107 (4th Cir. 1986) (district court is without jurisdiction to review the bankruptcy court's order where a notice of appeal not timely filed); <u>Sterling Factors v. Whelan</u>, 245 B.R. 698 (N.D. Ga. 2000) (holding 10 day deadline for appeal is to be strictly construed and the district court has no jurisdiction over an untimely appeal); <u>In re Morrow</u>, 563 F.2d 189 (5th Cir. 1977); <u>In re Fellows</u>, 19 F.3d 245 (5th Cir. 1994); <u>In re Belcher</u>, 293 B.R. 265 (N.D. Ga. 2001) (holding the filing of a timely notice of appeal is mandatory and jurisdictional); <u>Hollis v. United States Trustee</u>, 2004 WL 3415563 (November 17, 2004); and <u>Stagecoach Utilities, Inc. v. County of Lyon</u>, 86 B.R. 229 (9th Cir. BAP, 1988).

The 11th Circuit has also written to the issue of the timeliness of appeals in the case of <u>Williams v. EMC Mortgage (In re Williams)</u>, 216 F.3d 1295 (11th Cir. 2000). In the <u>Williams</u> case, the *pro se* debtor filed a notice of appeal from the bankruptcy court's

order dismissing his chapter 12 case.  In <u>Williams</u>, the debtor filed a "motion for specificity in proposed dismissal order" which was denied by the court.  Seventeen days after the court denied the debtor's motion, the debtor filed a notice of appeal.  The debtor's contention was that the time for filing his notice of appeal ran from the date he received the court's order, rather than from the date the court entered the order.  The 11th Circuit found the debtor's argument without merit and affirmed the district court's order affirming the dismissal of the debtor's appeal.  The debtor also cited excusable neglect to the court as a further reason for allowing his untimely appeal.  The court cited *Rule 8002(c)(2)* which provides in part:

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing the notice of appeal has expired, except that such a motion filed not later than 20 days after the expriation of the time for the filing of a notice of appeal may be granted upon a showing of excusable neglect.

As in the <u>Williams</u> case, no such motion to extend the time for filing an appeal was filed by this appellant.  Citing an earlier 11th Circuit opinion, the Court held "The Supreme Court has emphasized that the timely filing of a notice of appeal is mandatory and jurisdictional.  If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal." <u>Williams</u>, citing <u>Advanced Estimating System, Inc. v. Riney</u>, 77 F,3d 1322, 1323 (11th Cir. 1996).

The debtor filed with this Honorable Court an objection and response to the Trustee's motion to dismiss this appeal wherein he cited several grounds in which he felt the Trustee's motion should be denied.  One of the grounds stated in his response was that the original motion to dismiss filed in this case is still pending with the bankruptcy court.  The original motion to dismiss the appeal filed by the Trustee with the bankruptcy court was "bundled" with the record on appeal and was transmitted to this Honorable

Court with the record. When it was discovered that the original motion was bundled with the record on appeal, it was suggested to the Trustee's staff attorney by the clerk's office that the motion be refiled with the district court so that it would appear separately as a pending motion on this Honorable Court's docket. The debtor's response also states that the Trustee's motion is prematurely filed. As set out in earlier citations, the issue of timeliness of an appeal is a jurisdictional issue and can be raised at any time during the appeal.

The debtor has also stated in his response and during the telephone status conference that his appeal is with American General and not the Trustee. The debtor states in his response that the Trustee has been relieved of his trust. This is not true. While a final report was filed by the Trustee in this case upon the dismissal of the case, the Court has not issued an order closing the case and relieving the Trustee of his duties and trust. Until such time as the case is closed and the court orders the Trustee is released, he is still a proper party to this appeal.

WHEREFORE, the above premises considered, the Trustee/Appellee in the above styled case prays this Honorable Court will grant this motion to dismiss this appeal as it was not timely filed pursuant to *Rule 8002, Federal Bankruptcy Rules of Procedure*.

Respectfully submitted this 21st day of November 2005.

CURTIS C. REDING, JR.
STANDING CHAPTER 13 TRUSTEE


BY:    /s/   Sabrina L. McKinney
       SABRINA L. MCKINNEY (MCK041)
       Alabama State Bar #ASB-3162-I71S
       STAFF ATTORNEY FOR THE TRUSTEE

Office of the Standing Chapter 13 Trustee
166 Commerce Street, Suite 202
P.O. Box 173
Montgomery, AL  36101-0173
Phone: 334-262-8371
Fax:     334-264-6127
Email: mckinneys@ch13mdal.com

### *CERTIFICATE OF SERVICE*

      I, the undersigned, do hereby certify that I have served a copy of the foregoing TRUSTEE'S BRIEF IN SUPPORT OF MOTION TO DISMISS APPEAL upon the following listed parties by either placing a copy of same in the United States Mail, postage pre-paid and properly addressed or via electronic mail this 21st day of November 2005.

                                  /s/   Sabrina L. McKinney
                                    SABRINA L. MCKINNEY

Atheal Pierce, Pro Se (via U.S. Mail)
112 Norwood Blvd.
Montgomery AL  36117

Charles N. Parnell, Esq. &
Britt Batson Griggs, Esq. (via electronic mail)
Parnell & Crum, P.A.
P. O. Box 2189
Montgomery AL  36102-2189