IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
IN RE:                      )
                            )
ATHEAL PIERCE               )
                            )
    Debtor.                 )
                            )
ATHEAL PIERCE,              )     CIVIL ACTION NO.
                            )      2:05cv1014-T
    Appellant,              )          (WO)
                            )
    v.                      )
                            )
CURTIS REDING,              )
                            )
    Appellee.               )
```

OPINION

On April 26, 2005, appellant Atheal Pierce filed for bankruptcy under Chapter 13 of the Bankruptcy Code. On September 15, 2005, the bankruptcy court dismissed Pierce's petition. On September 28, 2005, Pierce filed a notice of appeal.[1]  Appellee Curtis Reding moved to

---

   1. Pierce has not filed a statement of issues on appeal or a brief in support of his appeal as required by the Bankruptcy Rules, see Fed R. Bankr. P. 8006 & 8009(a), but the court assumes Pierce is appealing the
(continued...)

dismiss the appeal (Doc. No. 5), claiming that Pierce did not timely file his notice of appeal.

Rule 8002(a) of the Federal Rules of Bankruptcy Procedure provides that a notice of appeal must be filed "within 10 days of the date of the entry of the judgment, order or decree appealed from."  The timely filing of a notice of appeal is mandatory and jurisdictional: If the notice is filed late, the district court lacks jurisdiction to hear the appeal.  In re Williams, 216 F.3d 1295, 1298 (11th Cir. 2000).

The bankruptcy court's order dismissing Pierce's petition was entered on September 15, 2005, and Pierce filed his notice of appeal on September 28, 2005, 13 days later.  Thus, his notice of appeal was untimely.[2]  See

---

1. (...continued)
dismissal of his bankruptcy petition.

2. The ten-day deadline fell on September 25, 2005. However, Pierce was not required to file his notice of appeal until September 26, 2005, because September 25, 2005, was a Sunday.  See Fed. R. Bankr. P. 9006(a).

Pierce is not entitled to any extension beyond the
(continued...)

Williams, 216 F.3d at 1296.  Reding's motion to dismiss is therefore due to be granted because this court lacks jurisdiction to hear Pierce's appeal.

An appropriate judgment will be entered dismissing Pierce's appeal.

DONE, this the 28th day of December, 2005.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**

---

2.  (...continued)
ten-day deadline.  Federal Rule of Bankruptcy Procedure 8002(c)(2) provides that a motion to extend time to file the appeal must be filed before the ten-day period runs, except that a motion to extend time based on excusable neglect may be granted if filed within 20 days of the end of ten-day period.  Pierce has not filed a motion to extend time and has made no showing of excusable neglect, so this provision will not toll or otherwise extend the ten-day period for Pierce.  See Williams, 216 F.3d at 1297-98.