IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ATHEAL PIERCE | ) | |
| | ) | |
|   Debtor. | ) | |
| | ) | |
| ATHEAL PIERCE, | ) | CIVIL ACTION NO. |
| | ) | 2:05cv1014-MHT |
|   Appellant, | ) | (WO) |
| | ) | |
| v. | ) | |
| | ) | |
| CURTIS REDING, | ) | |
| | ) | |
|   Appellee. | ) | |

ORDER

Appellant Atheal Pierce filed a Chapter 13 bankruptcy petition on April 26, 2005.[1]  Thereafter, one of Pierce's creditors filed a motion to terminate the automatic stay, which the bankruptcy court granted--the stay was lifted on September 8, 2005.[2]  At a hearing on September 12,

---

    1.  Appellant's designation of record (Doc. No. 3), Ex. A, Voluntary Petition.

    2.  <u>Id</u>., Ex. E, Conditional order terminating stay.

2005, Pierce moved to voluntarily dismiss his petition.[3] In an order dated September 15, 2005, the bankruptcy court granted that motion, dismissed the petition, and indicated that Pierce was barred from refiling a bankruptcy petition for 180 days.[4] Pierce appeals the bankruptcy court's dismissal of his bankruptcy case.

The crux of Pierce's argument on appeal appears to be that the bankruptcy court's order of dismissal, which imposed the 180-day bar, conflicts with statements made by the bankruptcy judge during hearings on August 8 and September 12.[5] Pierce appears to be contending that the bankruptcy judge either stated that the 180-bar would not apply or failed to mention the 180-bar.

The 180-day bar is mandated by the Bankruptcy Code whenever a debtor voluntarily dismisses a petition after

---

3. Appellee's designation of record (Doc. No. 4), Ex. K, Notice of request for dismissal.

4. Appellant's designation of record (Doc. No. 3), Ex. G, Order dismissing petition.

5. Appellant's Statement of Issues (Doc. No. 3).

a creditor has sought to terminate the automatic stay. See 11 U.S.C.A. § 109(g)(2).  By statute, the bankruptcy judge had to impose the 180-bar because one of his creditors had already moved to terminate the automatic stay when Pierce voluntarily dismissed his petition. Nonetheless, Pierce was proceeding pro se in this matter, and his decision to voluntarily dismiss the petition in the first place may have been affected by representations made at the hearings.

However, the court cannot consider the merits of Pierce's appeal for two reasons.  First, Pierce has failed to pay the filing fee or requested to proceed in forma pauperis in this appeal.  Second, Pierce has not requested and paid for transcripts from the August 8 and September 12 hearings.[6]  The court cannot consider Pierce's arguments, which turn on what the bankruptcy judge may or may not have said, without the transcripts.

---

6. Pierce also failed to file a brief in support of his appeal, despite this court's scheduling order of November 10, 2005 (Doc. No. 11).

Accordingly, it is ORDERED that, by March 2, 2006, appellant Atheal Pierce must pay to the clerk of the bankruptcy court the full filing fee of $ 255.00 or (if appellant Pierce cannot afford the filing fee) file in the bankruptcy court the form or forms necessary to request to proceed in forma pauperis.  (The form or forms can be obtained by contacting the clerk of the bankruptcy court.)  If appellant Pierce fails to comply with this directive, the court will grant appellee Curtis Reding's motion to dismiss (Doc. No. 5) (to the extent appellee Reding contends the appeal should be dismissed because appellant Pierce has not paid the requisite filing fee) and dismiss appellee Pierce's appeal pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

It is further ORDERED that appellant Pierce must submit a Transcript Request Form to the clerk of the bankruptcy court by March 2, 2006.  (The form can be obtained by contacting the clerk of the bankruptcy court.)  If appellant Pierce fails to comply with this

directive, the court will dismiss his appeal pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

It is further ORDERED that appellant Pierce is to file a copy of the completed Transcript Request Form with this court by March 2, 2006.  If appellant Pierce fails to comply with this directive, the court will dismiss his appeal pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

DONE, this the 15th day of February, 2006.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE