IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ATHEAL PIERCE, | ) | |
| | ) | |
|    Debtor. | ) | |
| | ) | |
| ATHEAL PIERCE, | ) | |
| | ) | |
|    Appellant, | ) | CIVIL ACTION NO. |
| | ) | 2:05cv1014-MHT |
| v. | ) | (WO) |
| | ) | |
| CURTIS C. REDING, | ) | |
| | ) | |
|    Appellee, | ) | |

OPINION

Appellant Atheal Pierce challenges a decision of the United States Bankruptcy Court for the Middle District of Alabama. The bankruptcy court dismissed Pierce's Chapter 13 bankruptcy petition and imposed a 180-day bar on the refiling of another petition. The court's appellate jurisdiction is proper pursuant to 28 U.S.C. § 158(a). After carefully reviewing the record, the court concludes that the judgment of the bankruptcy court should be affirmed.

I. STANDARD OF REVIEW

This district court "functions as an appellate court in reviewing the bankruptcy court's decision." In re Sublett, 895 F.2d 1381, 1383 (11th Cir. 1990) (citing 28 U.S.C. § 158(a)). Accordingly, the bankruptcy court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." Fed. R. Bankr. P. 8013; see also Fed. R. Bankr. P. 7052.

In contrast to the deference given to factual findings, this court examines the bankruptcy court's legal conclusions de novo. In re Club Associates, 951 F.2d 1223, 1228-29 (11th Cir. 1992) (noting that courts hearing appeals from the bankruptcy court may "freely examine[] the applicable principles of law to see if they were properly applied"). Similarly, this court may "freely examine[] the evidence in support of any

particular finding to see if it meets the test of substantiality." Id. (internal quotations omitted).

## II. FACTUAL BACKGROUND

Pierce filed a Chapter 13 bankruptcy petition on April 26, 2005.[1] One of Pierce's creditors, which held two mortgages on property owned by Pierce, filed a motion to terminate the automatic stay attendant to bankruptcy proceedings, alleging that its interests were not adequately protected by the proposed bankruptcy plan; that Pierce had not remained current on his payments under the plan; and that Pierce had no equity in the properties at issue.[2]

At a hearing held on August 8, 2005, the bankruptcy court heard oral argument on the motion to terminate the stay. Pierce was proceeding pro se during this portion of the hearing. After finding that Pierce had not made

---

1. Appellant's designation of record (Doc. No. 3), Ex. A, Voluntary Petition.

2. Id., Ex. B, Motion to lift stay.

the payments required by the plan, the bankruptcy judge stated, "I am going to grant [the motion to terminate the stay] unless within thirty days you make every payment that is due to [the creditor] since you filed this case." The court continued, "Now let me make sure, because you don't have a lawyer, that you go out of here under no misguided information. ... [I]n order to save those two pieces of property from immediate foreclosure, you will have thirty days to make the May, June, July and I take it maybe now the August payment is due. So that's your plan." After Pierce asked if the payments were for each property, the bankruptcy judge responded, "You have got to get both the mortgages, post-petition payments--hat would be from May forward--cured to [the creditor] within thirty days from today." Pierce replied, "Yes, sir."[3]

On August 15, the bankruptcy court entered an order stating that "the stay is terminated effective 12:00 noon on September 8, 2005 ... unless the debtor cures the

---

3. Transcript (Doc. No. 27-2) at 5-8.

postpetition default in payments prior to that time." Pierce did not make the required payments, the order became final, and the stay was lifted on September 8.[4]

Pierce, however, filed a motion to reconsider the August 15 order, and the bankruptcy court held a hearing on September 12.  At that hearing, Pierce moved to dismiss his petition voluntarily.  In response, counsel for Pierce's creditor noted that she had recently filed a motion to dismiss Pierce's petition with a 180-day bar against refiling. The bankruptcy judge concluded the hearing by stating, "I will order the case dismissed and we will set [the creditor's motion] for hearing and I will consider in the ordinary course whether or not there should be an injunctive prohibition as to refiling and we will set that for a hearing...."[5]

In an order dated September 15, 2005, the bankruptcy court entered an order dismissing Pierce's petition and

---

    4.   Id., Ex. E, Conditional order terminating stay.

    5.   Transcript (Doc. No. 27-2) at 8-9.

prohibiting Pierce from refiling a bankruptcy petition for 180 days.[6]  Pierce filed a timely notice of appeal.

## III. DISCUSSION

Pierce's main argument on appeal is that the bankruptcy court's written orders, which conditionally terminated the automatic stay and imposed the 180-day bar, conflicted with the bankruptcy judge's oral statements during the August 8 and September 12 hearings.[7]

At the August 8 hearing, the bankruptcy judge went to great pains to explain that Pierce had to become current on his payments within 30 days or the automatic stay would be lifted.  The written order of August 15 stated in clear terms that the stay will terminate on September 8 unless Pierce became current on his payments under the

---

6. Appellant's designation of record (Doc. No. 3), Ex. G, Order dismissing petition.

7. The first, second, third, fifth, sixth, ninth, tenth, and eleventh issues raised by Pierce on appeal are all variations of this argument.  <u>See</u> Appellant's Statement of Issues (Doc. No. 3).

plan. There is no discrepancy between the oral comments and the written order.[8] Additionally, the bankruptcy court's order is fully consistent with the Bankruptcy Code, 11 U.S.C. § 362(d) (requiring bankruptcy court to lift automatic stay under these circumstances).

At the September 12 hearing, Pierce requested that his case be dismissed. His creditor had already filed a motion to dismiss the case and impose a 180-day bar on refiling, and counsel reiterated at the hearing that the creditor was seeking a 180-day bar. The bankruptcy judge stated that he would consider in the ordinary course whether to impose the 180-day bar.

To be sure, the bankruptcy judge did suggest that he would set a hearing on whether the 180-day bar was appropriate. No hearing was necessary, however, in light of the clear terms of the Bankruptcy Code, which mandates a 180-day bar whenever a debtor voluntarily dismisses a

---

8. Although a layperson could understandably be confused by the title of the order, "Conditional Order Terminating Stay," the language of the order itself is quite clear.

petition after a creditor has sought to terminate the automatic stay.  See 11 U.S.C. § 109(g)(2).

The court is sensitive to the fact that Pierce was proceeding pro se in this matter and may not have fully grasped the intricacies of the Bankruptcy Code.  However, Pierce was on notice that his decision to dismiss voluntarily his case would lead to a 180-day bar against refiling--his creditor had filed a motion seeking that precise relief, counsel for the creditor had reiterated that position at the hearing, and the bankruptcy judge had indicated that he would consider that remedy in the "ordinary course" of dismissing the petition.  With that knowledge, Pierce nonetheless agreed to have his case dismissed.

The court concludes that any inconsistency was immaterial here.  To the extent Pierce was expecting a hearing to address the 180-day bar issue, the hearing would not have affected the outcome in light of the clear mandate of 11 U.S.C. § 109(g)(2).  Likewise, the oral

representations at the September 12 hearing put Pierce on notice that he would be barred by § 109(g)(2) from filing future petitions for 180 days.

Pierce makes three additional arguments.  First, he questions whether there is any law to support the 180-day bar.  As noted above, the bar was statutorily required under these circumstances.  Accordingly, this argument is without merit.  Second, Pierce suggests that the 180-day bar violates his due process and civil rights.  This argument is also without merit because the 180-day bar is rationally related to preventing abuse of the bankruptcy system by debtors.  See United States v. Kras, 409 U.S. 434, 446-47 (1973) (subjecting statute that limits access to bankruptcy protections to rationality review and finding no fundamental liberty interest in receiving bankruptcy protection).  Finally, Pierce contends that his petition was dismissed through fraud and conspiracy perpetrated by the creditor and the bankruptcy trustee.

This allegation is not supported by any evidence in the record and is without merit.

***

An appropriate judgment will be entered affirming the decision of the bankruptcy court.

DONE, this the 21st day of February, 2006.

                                                  /s/ Myron H. Thompson
                                         **UNITED STATES DISTRICT JUDGE**