UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

APPEAL NO. 05-01014

ATHEAL PIERCE,

    Appellant,

v.

CURTIS C. REDING, STANDING CHAPTER 13
TRUSTEE, and AMERICAN GENERAL

    Appellees.
    _____/

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
AND THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

**APPELLEE'S RESPONSE TO
APPELLANT'S MOTION TO PROCEED
WITHOUT THE PREPAYMENT OF FEES**

Sabrina L. McKinney
ASB-3162-I71S
Staff Attorney for the
Chapter 13 Trustee
166 Commerce St., Ste. 202
P. O. Box 173
Montgomery, AL  36101-0173
Ph:  (334) 262-8371
Fax:  (334) 834-7635
Email:  mckinneys@ch13mdal.com

- 2 -

COMES NOW the Appellee, Curtis C. Reding, Standing Chapter 13 Trustee for the Middle District of Alabama, by and through the undersigned counsel, and in response to the Appellant's Motion to Proceed without the Prepayment of Fees, states as follows:

On April 26, 2005, the debtor filed for relief pursuant to Chapter 13 of the Bankruptcy Code. On September 12, 2005, the debtor filed a request for dismissal of his Chapter 13 case with the Bankruptcy Court. On September 15, 2005, the Bankruptcy Court entered an order dismissing the bankruptcy case with a 180-day bar to re-filing. The debtor filed a notice of appeal to the District Court from this order dismissing with a 180-day bar. The District Court during the course of the first appeal in this case, issued an order affirming the Bankruptcy Court's decision to dismiss the debtor's case with a 180-day bar. The debtor then filed his notice of appeal from the District Court to the 11th Circuit Court of Appeals. The debtor did not pay the filing fee for the appeal from the District Court to the 11th Circuit Court of Appeals. The debtor filed a motion with the District Court asking for permission to proceed with the appeal without the requirement of paying a filing fee. The District Court denied the debtor's motion for permission to proceed with the appeal without the payment of filing fees and dismissed the appeal to the 11th Circuit as a bad faith appeal. On March 28, 2006, the 11th Circuit Court of Appeals issued a notice to the debtor giving him an opportunity to file a motion to proceed

in forma pauperis with the 11th Circuit Court of Appeals or to pay the filing fee within 30 days of the date of the notice. The 30-day expiration was April 28, 2006. During the intervening time, while the appeal is pending with the District Court and with the 11th Circuit Court of Appeals, the debtor filed a motion to reinstate his bankruptcy case on March 27, 2006. The debtor's motion to reinstate his case was set for hearing on April 10, 2006. After hearing, the Bankruptcy Court issued its Memorandum Decision and Order denying the debtor's motion to reinstate his Chapter 13 case. On April 21, 2006, the debtor filed a second notice of appeal from the Bankruptcy Court to the District Court regarding the order denying the motion to reinstate his Chapter 13 case. The debtor did not pay the filing fee to the Bankruptcy Court for his second appeal. The Clerk's office filed a notice of deficiency advising the debtor that he had 10 days to pay the filing fee for the appeal or the appeal would be dismissed.

On or about May 1, 2006, the debtor deposited into the District Court night drop box a money order for $255.00 and a motion to proceed without the prepayment of filing fees. (See attached Exhibit A - Appellant's Motion). As the debtor chose to drop this money into the District Court's night box without appropriate instructions, it is unclear whether the debtor intended for the $255.00 filing fee to be applied to the appeal to the 11th Circuit from the District Court, which is currently pending (Case No. 06-11430-C) or whether the debtor intended

the $255.00 filing fee to be applied to his new and second appeal from the Bankruptcy Court to the District Court level, which has not yet been transmitted to the District Court due to the non-payment of filing fees by the debtor at the Bankruptcy Court level.  Currently, the funds are being held by the Clerk of the District Court.

From the Appellant's motion to proceed without the prepayment of filing fees, it appears that he may be trying to have this motion heard at the Bankruptcy Court level, although he has used the wrong case numbers if that was his intent. The Trustee is uncertain exactly what the debtor's intent was with respect to this motion.  In response to the Appellant's motion to proceed without the prepayment of filing fees, the Trustee/Appellee in the above styled cause, states as follows:

Rule 8001(a)(3) of the Bankruptcy Rules of Procedure states that a notice of appeal from the Bankruptcy Court to the District Court must be accompanied by the prescribed fee for the filing of this appeal.  There are no provisions in Rule 8001 or in Rules 8001-8020 that allow for the filing of a "in forma pauperis" motion for an appeal from the Bankruptcy Court to the District Court.  If the debtor intended for this motion for a motion to proceed without the prepayment of filing fees to be applied to his appeal from the Bankruptcy Court to the District Court (the second appeal), then this motion is due to be denied as there are no provisions pursuant to 8001 or pursuant to 28 U.S.C. §158 which allow for the filing of a

motion for in forma pauperis status from an appeal from the Bankruptcy Court to the District Court level.

If the debtor intended for this motion to be filed with the District Court relating to the first appeal from the District Court to the Court of Appeals for the 11th Circuit, then this motion is also due to be denied. Debtor has already previously filed a motion to proceed without prepayment of filing fees with the District Court in 05-1014. (See 05-01014 District Court Docket #35). The District Court has previously entered an order denying the Appellant's motion to proceed without the prepayment of filing fees and dismissing the debtor's appeal from the District Court to the 11th Circuit as an appeal filed in bad faith. (See 05-01014 District Court Docket #36).

If the debtor intended for this motion to proceed without the prepayment of filing fees to be filed with the 11th Circuit Court of Appeals, it is also due to be denied for two reasons.

First, it is late filed in response to the 11th Circuit's March 28, 2006, notice giving the debtor leave to file an additional motion to proceed in forma pauperis. The Court's notice dated March 28, 2006, gave the debtor 30 days in which to re-file a motion for in forma pauperis status. The debtor's filing did not comply with that deadline.

Secondly, the debtor/Appellant's motion to proceed without the prepayment of filing fees is not in compliance with Federal Rule of Appellate Procedure 24. The motion does not show in detail prescribed by Form 4 the debtor's inability to pay or to give security for fees and costs as required by Federal Rules of Appellate Procedure 24(a)(1)(A). Furthermore, pursuant to Federal Rules of Appellate Procedure 24(a)(1)(B), the motion does not state a claim for entitlement to redress. Next, pursuant to Federal Rules of Appellate Procedure 24(a)(1)(C), the motion fails to state the issues that the debtor intends to present on appeal. Finally, the motion is not accompanied by the required affidavit setting out the facts as stated above. The 11th Circuit Court of Appeals' notice dated March 28, 2006, very clearly stated that the debtor's motion to the 11th Circuit must be in full compliance with Rule 24(a) of the Federal Rules of Appellate Procedure. The debtor's motion does not comply with that rule.

This response by the Appellee/Trustee is being filed simultaneously with the Bankruptcy Court, the District Court, and the 11th Circuit Court of Appeals, as the Appellee/Trustee is uncertain where the debtor intended for this motion to ultimately reside for ruling.

Respectfully submitted this 4th day of May 2006.

                                        Curtis C. Reding
                                        Standing Chapter 13 Trustee

                         By:   /s/ Sabrina L. McKinney
                                Sabrina L. McKinney
                                Staff Attorney
                                ASB-3162-I71S

Office of the
Chapter 13 Trustee
166 Commerce St., Ste. 202
P. O. Box 173
Montgomery, AL 36101-0173
Phone:  334-262-8371
Fax:  334-834-7635
Email:  mckinneys@ch13mdal.com

CERTIFICATE OF SERVICE

     I, Sabrina L. McKinney, certify that the foregoing APPELLEE'S RESPONSE TO APPELLANT'S MOTION TO PROCEED WITHOUT THE PREPAYMENT OF FEES has been served on all interested parties listed below by placing a copy of same in the United States Mail, postage prepaid and properly addressed, this 4th day of May 2006.

                                        /s/ Sabrina L. McKinney
                                        Sabrina L. McKinney

Atheal Pierce
112 Norwood Blvd.
Montgomery, AL  36117

Britt Batson Griggs, Esq.
Parnell & Crum, P.A.
Attorney for American General Finance
P. O. Box 2189
Montgomery, AL  36102-2189

American General Finance
4447 Atlanta Highway
Montgomery, AL  36109

FILED
MAY 01 2006
U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

1texctdec

In The U.S. Bankruptcy Court
Middle District of Alabama

District Court Number:     05-01014 Cv-T-N
Correct Case Style:        Atheal Pierce v. American General Finance Company    SECOND APPEAL
Appeal Number:             06-11430-c          US CA 11th Circuit

Appellant's Motion To Proceed without The Pre Payment Of Fees

Appellant offers the Bankruptcy Case Files as the basis for this motion. Wherefore Pierce move this court to grant Pierce the permission to proceed on appeal. Done this 1st day of May, 2006.

Atheal Pierce
112 Knollwood Blvd.
Montgomery, Alabama 36117

Certificate of mailing

A copy was mailed to American General Finance Company lawyer at P.O. Box 2189, Montgomery, Alabama 36102.
Ms. Sabrina mcKinney, P.O. Box 173, Montgomery, Alabama 36101.

copy to Ms. Holloway

Page 1