```
     IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

        MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


IN RE:                         )
                               )
ATHEAL PIERCE                  )
                               )
     Debtor.                   )
                               )
ATHEAL PIERCE,                 )     CIVIL ACTION NO.
                               )       2:05cv1014-MHT
     Appellant,                )
                               )
     v.                        )
                               )
CURTIS REDDING,                )
                               )
     Appellee.                 )


IN RE:                         )
                               )
ATHEAL PIERCE                  )
                               )
     Debtor.                   )
                               )
ATHEAL PIERCE,                 )     CIVIL ACTION NO.
                               )       2:06cv414-MHT
     Appellant,                )
                               )
     v.                        )
                               )
AMERICAN GENERAL FINANCE       )
COMPANY, et al.,               )
                               )
     Appellees.                )
```

ORDER

Appellant Atheal Pierce, who is proceeding pro se, has taken two appeals from orders entered by the bankruptcy judge in his Chapter 13 bankruptcy case, one of which is currently on appeal to the Eleventh Circuit Court of Appeals (No. 06-11430-C, taken from Civ. Action No. 2:05cv1014-MHT) and the other of which is now before this court (Civ. Action No. 2:06cv414-MHT).  Appellant Pierce recently filed a motion to proceed without prepayment of fees and left money ($ 255) in the night drop box maintained by the Clerk of the United States District Court for the Middle District of Alabama.

This court has made several attempts to reach appellant Pierce, hoping to clarify whether he intended for the motion and payment of fees to apply to the first or second appeal.  The court arranged a conference call on May 19, but appellant Pierce failed to call in to participate in the conference.  Although it appears that appellant Pierce may not have received this court's order

setting up the conference through the mail, counsel for the bankruptcy trustee called him the day the court's order setting the conference call was issued and left a message notifying him of the conference and instructing him on how to connect to the May 19 conference call. When he failed to call in on May 19, counsel for the trustee attempted to call him twice, leaving voice messages both times, before finally initiating the call to the court.

    This court's law clerk then attempted to contact appellant Pierce on May 19 after he failed to call in for the conference, leaving a voice message asking him to call the court, which he has not done. This court's law clerk again called appellant Pierce on May 23. Although Pierce answered the phone, he was unable to recall whether he intended for the money and the motion to apply to the first or second appeal. He said he would review his notes and call back the next day, which he failed to do. This court's clerk left voice messages for Pierce on

May 24 and May 25, but he has not called to indicate his intentions as to the money or the motion.

In the meantime, the court was informed by the appeals clerk for the district court that she had spoken with Pierce on May 3 or May 4.  During that conversation, Pierce had indicated that he wished the money to apply to the case currently before the Eleventh Circuit and intended for "the papers" to go to the bankruptcy court.  The court notes that the $ 255 is not sufficient to satisfy the filing fee for the appeal to the Eleventh Circuit, which is $ 455.  Nonetheless, in light of Pierce's statements to the appeals clerk, the court concludes that Pierce intended for the filing fee to apply to the appeal before the Eleventh Circuit (No. 06-11430-C, taken from Civ. Action No. 2:05cv1014-MHT).  The court further concludes that he intended for the motion to proceed without prepayment of fees, which was among "the papers" he referenced, to apply to the second appeal from bankruptcy (Civ. Action No. 2:06cv414-MHT), which is

now before this court. The court understands that the $ 255 has already been sent to the Eleventh Circuit and that the motion is currently docketed in the second appeal from bankruptcy.

Accordingly, it is ORDERED that the status quo should be maintained, that is, the $ 255 is to be applied toward the filing fee in the Eleventh Circuit in appeal No. 06-11430-C, and the motion to proceed without prepayment of fees (Civ. Action No. 2:06cv414-MHT, Doc. No. 1, Attachment 11) is to remain docketed in Civ. Action No. 2:06cv414-MHT.

DONE, this the 1st day of June, 2006.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE